BASE SALARIES OF CERTAIN COUNTY OFFICIALS Officers receiving a salary under 19 O.S. 180.64 [19-180.64](a) (1971) are not entitled to a salary in excess of the "minimum" provided for in that section. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "Are Class A officers authorized to receive salary in excess of the `minimum' salary provided for in Title 19 O.S. 180.64 [19-180.64] (a), if approved by the County Commissioners and the Excise Board?" Title 19 O.S. 180.62 [19-180.62] (b), states: "The basic salaries, upon which all salaries and future increases or decreases of shall be computed shall be as follows: "(b) In every county having a net valuation of all tangible taxable property, as defined in Sections 1 and 2 of more than Ten Million Dollars ($10,000,000) but not more than Twenty Million Dollars ($20,000,000) the basic salary of each of the county officers named in group A shall be Three Thousand Four Hundred Dollars ($3,400) per annum. . ." This section provides for the basic salary for elected officials for a certain group of counties which includes Pawnee County. Title 19 O.S. 180.63 [19-180.63] (1971), allows for increases in salary based upon increases in net valuation and increases in population. This section is fairly long and will not be set out in detail. Title 19 O.S. 180.64 [19-180.64](a), 19 O.S. 180.64 [19-180.64](b) (1971), states: "In every county having a new valuation of all tangible, taxable property as defined in 19 O.S. 180.58 [19-180.58] and 19 O.S. 180.59 [19-180.59], of more than Ten Million Dollars ($10,000,000), the minimum salary for the sheriff and the minimum salary for all other group A officers shall be Five Thousand Eight Hundred Dollars ($5,800) (Payable monthly). . . ." This in effect, provides for a minimum salary in the event the basic salary set out in 180.62 (b) and (d) increases under 180.63 do not reach this minimum amount. A previous Attorney General Opinion, No. 70-126, touched on this problem to some extent. A copy of this opinion is enclosed. This opinion, in effect held that if the basic salary under 19 O.S. 180.62 [19-180.62] plus increases under 19 O.S. 180.63 [19-180.63] exceeded the "minimum" under 19 O.S. 180.64 [19-180.64] [19-180.64](a), the official was entitled to the larger amount. If the "minimum" under 19 O.S. 180.64 [19-180.64](a) exceeded the basic salary under 180.62 plus the increases under 19 O.S. 180.63 [19-180.63], again, the official would get the larger sum. However, the official cannot receive the "minimum" under 19 O.S. 180.64 [19-180.64](a) and also the increases based upon 19 O.S. 180.63 [19-180.63]. The statutes cited above appear to set a ceiling on salaries county officials may receive. The ceiling would be the basic salary under 19 O.S. 180.62 [19-180.62] plus the increases under 180.63, or would be the "minimum" under 19 O.S. 180.64 [19-180.64] (a), which ever is higher. There is no provision for adding to the "minimum" set out in 19 O.S. 180.64 [19-180.64](a). It is therefore the opinion of the Attorney General that your question be answered as follows: In the event the minimum salary under 19 O.S. 180.64 [19-180.64](a) exceeds the basic salary under 19 O.S. 180.62 [19-180.62] [19-180.62] plus increases provided under 19 O.S. 180.63 [19-180.63], the official is not entitled to receive a salary in excess of the amount set out in 19 O.S. 180.64 [19-180.64](a). In the event the "minimum" under 19 O.S. 180.64 [19-180.64](a) is less than the basic salary under 180.62 plus the increases under 19 O.S. 180.63 [19-180.63], the official would be entitled to the amount based upon 19 O.S. 180.62 [19-180.62] plus 19 O.S. 180.63 [19-180.63]. (Todd Markum)